RESTFUL SLIPPER COMPANY, INCORPORATED, a corporation, complainant,

*v.*

UNITED SHOE AND LEATHER UNION et al., defendants

[Decided November 23d, 1934.]

*Messrs. Gross & Gross,* for the complainant.

*Mr. Abraham J. Isserman,* for the defendants.

EGAN, V. C.

This matter comes before me on a motion to strike the counter-claim filed by the defendants herein upon these grounds: "1. The said counter-claim does not set forth facts sufficient to constitute a cause of action, in behalf of these counter-claimants, cognizable in equity. 2. That these defendants have no status to assert the cause of action set out in the said counter-claim."

The counter-claim has been amended as follows:

"35a—Prior to the commission of the alleged unlawful acts of the complainant, a duly certified copy of the aforesaid Code of Fair Competition for the Boot and Shoe Industry was filed with the Governor of the State of New Jersey, pursuant to chapter 372 of New Jersey P. L. 1933 and in accordance with the provisions thereof."

Paragraph 36 of the counter-claim in effect alleges that the complainant "engages in intrastate commerce in the State of New Jersey." In the face of this allegation, the counter-claimants seek to enjoin the complainant from continuing violating "the code of fair competition" or section 7-A of the National Industrial Recovery act. The defendants' counter-claim cannot stand on either ground. Even though the complainant violated section 7-A of the National Industrial Recovery act these defendants are without power to institute proceedings in equity to prevent and restrain such violations. Under 15 U. S. C. A., section 703 (c) the power to prevent and restrain violations, such as are charged in the counter-claim, is invested in the district court of the United States, and proceedings must be instituted by the district attorneys of the United States in their respective districts under the direction of the attorney-general. The provision which governs reads as follows:

(c) "The several district courts of the United States are hereby invested with jurisdiction to prevent and restrain violations of any code of fair competition approved under this chapter; and it shall be the duty of the several district attorneys of the United States, in their respective districts, under the direction of the Attorney-General, to institute proceedings in equity to prevent and restrain such violations."

There are many decisions of the United States district courts throughout the nation which have denied the right of any person or persons, other than the attorney-general or United States district attorneys, to institute proceedings to restrain violations of the N. I. R. A. upon the ground that the statutory remedy is available only to the designated officer. *Purvis et al.* v. *Bazemore, 5 Fed. Supp. 230; Stanley* v. *Peabody Coal Co., Ibid. 612; Western Powder Manufacturing Co.* v. *Interstate Coal Co., Ibid. 619; Progressive Miners of America, Local Union No. 109, et al.* v. *Peabody Coal Co. et al., 7 Fed. Supp. 340.*

The defendants can find no support for their stand under the New Jersey Recovery act (*P. L. 1933 ch. 372 p. 1016*), because they have failed to allege a compliance with section 3-B thereof. This last mentioned section, in effect, provides

that where a code of fair competition shall affect intrastate commerce, application must first be made to the governor for his approval of the code; and it further provides that the governor may grant his approval if he finds no inequitable restraints are imposed; and, also, that the code is consistent with any like code, approved or prescribed by the president; and that such code is not designed to promote monopolies.

There is no allegation or assertion in the counter-claim that the governor ever approved any code of fair competition in intrastate commerce in this state for the boot and shoe manufacturing industry.

Paragraph 36 of the counter-claim reads as follows:

"Complainant, in the operation of the above mentioned Jersey City plant, engages in intrastate commerce in the State of New Jersey."

Notwithstanding this allegation of intrastate commerce, the defendants also invoke the aid of the federal statute. It is not necessary to comment upon the weakness of the defendants' position because they have not observed the mandate of either the federal or state act. The above quotation from 15 *U. S. C. A.,* § 703 (c), and the decisions of the federal courts above quoted, are dispositive of the defendants' right.

I shall advise an order striking the counter-claim upon the ground that the defendants are without power to invoke the provisions of section 7-A of the N. I. R. A., and also for the further reason that the provisions of the State Recovery act not having been complied with, the defendants cannot therefore avail themselves of the provisions of that statute.